IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maurice Finney,<br><br>              Petitioner,<br><br>v.<br><br>Louis W. Winn, Jr.,<br><br>              Respondent. | No. CV-14-02029-TUC-DCB (BPV)<br><br>**REPORT AND RECOMMENDATION** |

On April 17, 2014, Maurice Finney ("Petitioner"), presently confined in the United States Penitentiary – Tucson in Tucson, Arizona ("USP-Tucson"), filed a *pro se* Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody. (Doc. 1.)[1] On May 7, 2014, Petitioner filed an Amended § 2241 Petition ("Amended Petition"). (Doc. 5.) Pending before the court is the Amended Petition (*id.*), Respondent's answer with exhibits ("Exs.") 1 through 2 attached (Doc. 13) ("Answer"), and Petitioner's brief in reply ("Reply") (Doc. 22).

Petitioner raises one ground for relief. He claims that a federal court judge sentenced him to a 120-month term of imprisonment, to be served concurrently with his state court sentence. He alleges that "[f]rom the time of indictment until transfer to [the Federal Bureau of Prisons'] custody[,] Petitioner served 1235 days in state custody."

---

[1] "Doc." refers to the documents in this Court's file.

Petitioner asserts that the Bureau of Prisons has denied him the credit for these days and has failed to "execute [the] sentence as ordered by [the federal] court to give concurrent credit for [the] state sentence." (*Id.* at 4.)

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Bernardo P. Velasco for a Report and Recommendation. (Doc. 7.)

For the reasons discussed below, the Magistrate Judge recommends that the District Court enter an order denying the Petition on the merits.

## I.     PROCEDURAL BACKGROUND

Petitioner was arrested by state authorities on December 13, 2007, and released the same day on bond. Ex. 1, Declaration of Alan Ray ("Ray Declaration"), ¶ 3 and Attachment ("Ex.1 Att.") 1 at p.4.[2] On January 31, 2008, petitioner was arrested on a state probation violation and his state probation was revoked on February 7, 2008. Ray Declaration ¶¶ 4-5 and Ex.1 Att. 1 at p.5, and Ex.1 Att. 2 at p.10. Petitioner was ordered by the state court to serve a term of six years imprisonment. *Id*. Petitioner completed this state sentence on June 20, 2011. Ray Declaration ¶ 9.

On February 13, 2008, Petitioner was indicted on a federal charge of Felon in Possession of a Firearm, in violation of 19 U.S.C. §§ 922(g)(1) and 924. *See* Ex. 1 Att. 2 at pp.1-2; *see also United States v. Finney*, CR 3:08-0041 (M.D. Tenn., January 29, 2014)(Doc. 3).[3] On March 31, 2008, Petitioner was "borrowed" from state custody

---

[2] State charges arising from the December 13, 2007 incident were dropped on February 6, 2008. Ex.1 Att. 2 at p. 4.

[3] The undersigned hereby takes judicial notice of the records in case *United States*

- 2 -

pursuant to a writ of *habeas corpus ad prosequendum* and temporarily taken into federal custody by the United States Marshals Service ("USMS"). Ray Declaration, ¶ 6 and Ex.1 Att. 3. On June 8, 2010, Petitioner entered a guilty plea to a charge of Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(c)(1), and the United States District Court for the Middle District of Tennessee sentenced Petitioner to a term of imprisonment of 120 months, to be served concurrent with his state sentence. Ray Declaration, ¶ 7 and Ex.1 Att. 4.

Petitioner was returned to state custody from July 2, 2010, until June 20, 2011, at which time Petitioner had completed his state sentence and he was taken into federal custody to complete the remainder of his 120 month federal sentence. Ray Declaration, ¶¶ 8-9 and Ex.1 Att. 3 at p.2 and Ex.1 Att. 4. Petitioner has received credit toward his federal sentence for all of the time spent in state custody after June 8, 2010. Ray Declaration, ¶ 10, Ex.1 Att. 6 at p.2.

Since July 19, 2011, Petitioner has been incarcerated at USP-Tucson. Ex. 2, Declaration of Theresa T. Talplacido ("Talplacido Declaration") ¶ 2 and Ex.2Att. 1. On January 27, 2014, Petitioner filed a motion for clarification of the execution of his sentence before the sentencing court. *See* Amended Petition, at 3; *see also Finney*, CR 3:08-0041 (M.D. Tenn., January 29, 2014) (Doc. 60).

The District Court denied Petitioner's motion without prejudice to refiling in the appropriate district after he exhausted administrative remedies within the Federal Bureau

---

*v. Finney*, CR 3:08-0041 (M.D. Tenn). *See* Fed.R.Evid. 201(b)(2); *see also United States v. Wilson*, 631 F.2d 118, 119–20 (9th Cir. 1980) (stating that judicial notice may be taken of a court's records in other cases, or the records of an inferior court in another case).

- 3 -

of Prisons ("BOP"). *See United States v. Finney*, CR 3:08-0041 (M.D. Tenn., January 29, 2014)(Doc. 61).

Petitioner was awarded eight days of credit for the time spent in state custody for which he did not receive state credit: December 13, 2007, and January 31, 2008 through February 6, 2008.

Petitioner claims in his Amended Petition that he was sentenced on July 2, 2010[4] to a term of 120 months to be served concurrent with the state sentence from the time "of indictment until complete." (Addendum to Amended Petition, at 3.) The Petitioner argues that the correct date to begin running his federal sentence concurrently with his state sentence is March 31, 2008[5], the date he was placed into USMS custody. (*Id.* at 3-4.)

## II.     JURISDICTION

"Federal courts are always under an independent obligation to examine their own jurisdiction, . . . and a federal court may not entertain an action over which it has no jurisdiction." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam) (citations and quotations omitted). Habeas corpus jurisdiction is available under 28 U.S.C. § 2241 for a prisoner's claims, such as those made in this Petition, challenging the

---

[4] The record indicates that Petitioner's sentence was imposed on June 8, 2010. Ex. 1 Att. 4; *see also Finney*, CR 3:08-0041 (M.D. Tenn.)(Doc. 55). This discrepancy does not change the Court's analysis of the Amended Petition.

[5] There is also a minor discrepancy between Petitioner's request to begin running his sentence on March 31, 2008, and his request to begin running his Federal sentence from the time of indictment. The record indicates that Petitioner was indicted on February 13, 2008. *See* Ex.1 Att.2 at p.2. Additionally, Petitioner's claim that he served 1235 days in state custody from the time of indictment until his transfer to BOP's custody also appears to result in another minor discrepancy regarding the exact relief Petitioner is requesting. The analysis of the issue presented in this Amended Petition would be the same in any event, thus the magistrate judge does not decide which date Petitioner means to suggest is the correct date for determining the start date of his federal sentence.

- 4 -

manner in which his sentence is executed. *Tucker v. Carlson*, 925 F.2d 330, 331 (9th Cir. 1991). Because Petitioner was incarcerated at UPS-Tucson at the time he initiated these proceedings, this Court has personal jurisdiction over this Respondent. *See Francis v. Rison*, 894 F.2d 353 (9th Cir. 1990)("jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change.") (citation omitted).

The Magistrate Judge thus concludes that the Court has jurisdiction over the subject matter of the action and over the person of the Respondent.

### III.  EXHAUSTION

There is no statutory requirement, pursuant to 28 U.S.C. § 2241, that federal prisoners must exhaust administrative remedies before filing a habeas corpus petition in court, thus it is not a jurisdictional prerequisite. *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990), *overruled on other grounds by Reno v. Koray*, 515 U.S. 50, 54-55 (1995). Nevertheless, federal courts "require as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." *Castro–Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds Fernandez–Vargas v. Gonzales*, 548 U.S. 30, 36 (2006). Thus, while "courts have discretion to waive the exhaustion requirement when prudentially required, this discretion is not unfettered." *Laing v. Ashcroft*, 370 F.3d 994, 998 (9th Cir. 2004) (citing *Castro-Cortez*, 239 F.3d at 1047. A court may waive the exhaustion requirement where administrative remedies are inadequate, futile, or pursuit of them would cause irreparable harm. *Id.* at 1000-01. Accordingly, if the petitioner has not properly exhausted his claims,

the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding to court." *Brown*, 895 F.2d at 535.

Petitioner asserts that he has exhausted his administrative remedies. Addendum to Amended Petition, at 2-3. Contrary to this assertion, the Amended Petition and facts set forth in the Ray Declaration demonstrate that Petitioner did not fully exhaust by pursuing relief through all levels of review because he failed to file an appeal with the General Counsel. *See* 28 C.F.R. § 542.15 ("Appeal to the General Counsel is the final administrative appeal"); *see also* Addendum to Amended Petition, at 2-3, and Ray Declaration ¶ 14. Respondent, however, does not urge the Court to dismiss Petitioner's claim for failure to exhaust, nor does Respondent contest Petitioner's assertion, raised in the Amended Petition, that the denial of his claim based on official BOP policy excuses his failure to exhaust. *See* Answer and Amended Petition at 2-3. As Petitioner asserts, exhaustion may be waived in instances where the initial request for an administrative remedy was denied based on official BOP policy and further appeal would almost certainly have been denied based upon the same policy. *See Fraley v. United States Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (per curiam). Although it is not evident based on the record before the Court that Petitioner's requests for administrative remedy were denied based on official BOP policy, Respondent does not contest or refute this assertion, and the undersigned recommends that the District Court excuse Petitioner's failure to exhaust, as further appeal would almost certainly have been futile. *See id*.

## IV. PRIMARY JURISDICTION

From February 7, 2008, until Petitioner was released into federal custody on June 19, 2011, Petitioner was in the primary custody of the State of Tennessee.

A federal sentence does not commence upon pronouncement of a federal sentence while a state retains primary custody over a prisoner. *Taylor v. Reno*, 164 F.3d 440, 445 (9th Cir. 1998); *see also* 18 U.S.C. § 3585 (a federal sentence does not commence on the date it is imposed, but rather it commences "on the date the defendant is received in custody awaiting transportation to, or arrives ... at, the official detention facility at which the sentence is to be served"). Thus, Petitioner remained in the primary custody of the state authorities until his state sentence concluded and he was transferred into federal custody on June 20, 2011.

Pursuant to a writ of *habeas corpus ad prosequendum*, Petitioner spent approximately 26 months in BOP custody from March 31, 2008 to the time he was sentenced in federal court on June 8, 2010, at which point he was returned to state prison to serve the remainder of his state sentence. This temporary transfer of Petitioner from state prison to BOP's custody for purposes of federal prosecution did not interrupt his primary state custody. *See Schleining v. Thomas*, 642 F.3d 1242, 1243 n.1 (quoting *Thomas v. Brewer*, 923 F.2d 1361, 1367 (9th Cir. 1991) ("When an accused is transferred pursuant to a writ of habeas corpus ad prosequendum he is considered to be 'on loan' to the federal authorities so that the sending state's jurisdiction over the accused continues uninterruptedly.")); *see also Reynolds v. Thomas*, 603 F.3d 1144, 1152 (9th Cir. 2010), abrogated on other grounds by *Setser v. United States*, --- U.S. ---, 132 S.Ct. 1463, 1473

(2012), (noting that where a defendant is brought from state custody into BOP custody to appear in federal court pursuant to a writ of *habeas corpus ad prosequendum*, the defendant is still primarily in state custody and the state's priority of jurisdiction is not interrupted). Thus, despite his brief transfer to BOP's custody pursuant to a writ of *habeas corpus ad prosequendum*, Petitioner was in primary "state custody" for the approximate 40–month period from revocation of his state probation (February 7, 2008) to his sentencing in federal court (June 8, 2010).

## VI. PRIOR CUSTODY CREDIT

When Petitioner was sentenced, the District Court stated that Petitioner's federal sentence was to be served concurrently with his state sentence. *See* Ray Declaration, ¶ 7, and Ex.1 Att. 4. "[A] federal sentence cannot commence until a prisoner is sentenced in federal district court." *Schleining*, 642 F.3d at 1244. Thus, the earliest date that Petitioner's federal sentence could begin is June 8, 2010, the date the District Court imposed sentence.

Although the earliest date a federal sentence may commence is the date a defendant is sentenced, pursuant to federal statute, a federal sentence does not actually commence until " 'the date the defendant is received in custody awaiting transportation to, or arrives ... at, the official detention facility at which the sentence is to be served,' 18 U.S.C. § 3585, not when sentence is imposed." *Taylor,* 164 F.3d at 445 (alterations in original). As such, "[a]ny statement by the court prescribing when a sentence will begin to run is mere surplusage." *Id*. (citations omitted).

In this case, BOP has essentially effectuated the sentencing court's intention by

designating Petitioner's term of imprisonment to begin at the time Petitioner was sentenced by the federal court, on June 8, 2010, but while he remained in primary state custody.[6] This is consistent with the Supreme Court's decision in *Setser v. United States*, --- U.S. ---, 132 S.Ct. 1463, 1468 (2012) which recognized the authority of the federal court to order its sentence to run concurrently or consecutively to a state sentence, though it may be a windfall in this case where Petitioner's specific offense is concerned. *See* 18 U.S.C. § 924(c)(1)(D)(ii) (A sentence imposed under 18 U.S.C. § 924(c) cannot run concurrently with any other term of imprisonment); *United States v. Gonzales*, 520 U.S. 1, 11 (1997) ("[T]he plain language of 18 U.S.C. § 924(c) forbids a federal district court to direct that a term of imprisonment under that statute run concurrently with any other term of imprisonment, whether state or federal."); *United States v. Fontanilla*, 849 F.2d 1257, 1258 (9th Cir. 1988) (noting that 18 U.S.C. § 924(c) "specifically states a section 924 sentence cannot run concurrently 'with any other term of imprisonment' without exception").[7]

---

[6] Alan Ray states in his Declaration (Ex. 1) that "[t]he time spent on Federal writ was still applied towards his sentence." Ray Declaration, ¶ 12. This is not confirmed entirely by the record, *see* Ex.1 Att. 6, at p. 2 (calculating expiration of Petitioner's full term as May 30, 2020, or 10 years from June 8, 2010, minus the eight days Petitioner was credited with for time spent in state custody but not credited toward a state sentence) and is inconsistent with Mr. Ray's declaration that BOP policy prohibits crediting the awarding of this sentence credit twice. *See* Ray Declaration, ¶ 16.

[7] Respondent did not raise this opposition to Petitioner's claim, and because the undersigned recommends the District Court deny relief on other grounds, will not address the propriety of BOP granting Petitioner any credit towards his federal sentence for time that was also counted towards Petitioner's state sentence. Additionally, it is not evident that Petitioner is entitled to credit any time spent in state custody prior to the conclusion of his state sentence and subsequent transfer to federal custody, to his federal sentence. *See also Clark v. Floyd*, 80 F.3d 371, 373 (9th Cir. 1996) (defendant did not begin to serve federal sentence where order did not require immediate federal confinement); *see also Taylor*, 164 F.3d at 445 (federal sentence commences on date when defendant is

With the exception of eight days for which Petitioner received credit,[8] Petitioner is not entitled to any custody credits prior to June 20, 2011 because the record reflects that the state credited all of that time toward his state sentence. *See* 18 U.S.C. § 3585(b); *United States v. Wilson*, 503 U.S. 329, 327 (1992) ("Congress made clear that a defendant could not receive a double credit for his detention time."); *Allen v. Crabtree*, 153 F.3d 1030, 1033 (9th Cir. 1998) (section 3585(b) disallows double crediting for time served); *see also Boniface v. Carlson*, 856 F.2d 1434, 1436 (9th Cir. 1988) (per curiam). This rule of sentence computation is also contained in the BOP's Program Statement 5880.28, entitled Sentence Computation Manual. Ray Declaration ¶12 and Ex. 1 Atts. 3 and 8.

Because Section 3585, 18 U.S.C., makes clear "that a defendant could not receive a double credit for his detention time[,]" and Petitioner has received credit either toward his state or federal sentences for all of the time he has been in custody, the Court finds that his Petition is without merit. *Wilson*, 503 U.S. at 337.

## VI. RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends that the District Court, after its independent review, enter an order DENYING the Amended Petition.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections

---

received in custody awaiting transportation to or arrives at federal detention facility); *Smith v. Swope*, 91 F.2d 260, 261-62 (9th Cir. 1937) (defendant began serving sentence on date it was imposed where order required the prisoner delivered to the prison "forthwith").

[8] The record indicates that Petitioner *was* given credit for the eight days he spent in state custody prior to June 8, 2010, (December 13, 2007, and January 31, 2008 to February 6, 2008) for time that was not credited toward his state sentence.

- 10 -

within fourteen days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Fed.R.Civ.P. 72(b). **No reply to any response shall be filed**. *See id.*

If objections are filed the parties should use the following case number: **CV 14-2029-TUC-DCB.** If objections are not timely filed, then the parties' right to de novo review by the District Court may be deemed waived.

Dated this 11th day of March, 2015.

_____
Bernardo P. Velasco
United States Magistrate Judge